IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-537-RJC-DCK

| INDUSTRIAL PIPING, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| TAO ZHANG, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendants Zhang And Liu's Motions To Dismiss…" (Document No. 23); the "Motion Of Scott Paul To Dismiss Complaint Or To Transfer Venue" (Document No. 28); and the "Motion For Judicial Notice In Support Of Scott Paul's Motion To Dismiss…" (Document No. 29). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be denied as moot, without prejudice to re-file.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

Plaintiff filed its original "Complaint" (Document No. 1) on September 30, 2014, and then pursuant to Rule 15(a)(1)(B), filed a "First Amended Complaint…" (Document No. 37) on January 2, 2014. Plaintiff's "First Amended Complaint…" appears to have been timely filed.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

Therefore, because the "First Amended Complaint…" (Document No. 37) supersedes the original "Complaint" (Document No. 1), the undersigned will respectfully recommend that Defendants' motions to dismiss (Document Nos. 23 and 28), as well as the "Motion For Judicial

2

Notice In Support Of Scott Paul's Motion To Dismiss…" (Document No. 29), be denied as moot. This recommendation is without prejudice to Defendants filing renewed motions to dismiss, if appropriate.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Zhang And Liu's Motions To Dismiss…" (Document No. 23); the "Motion Of Scott Paul To Dismiss Complaint Or To Transfer Venue" (Document No. 28); and the "Motion For Judicial Notice In Support Of Scott Paul's Motion To Dismiss…" (Document No. 29) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 12, 2015

David C. Keesler
United States Magistrate Judge