# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-537-RJC-DCK

| | |
|---|---|
| INDUSTRIAL PIPING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| TAO (MIKE) ZHANG; DAYI (SEAN) ) | |
| LIU; SCOTT PAUL; TIANWEI NEW ) | |
| ENERGY HOLDINGS CO., LTD; and ) | |
| DOES 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** regarding the "Motion Of Scott Paul To Dismiss First Amended Complaint Or To Transfer Venue" (Document No. 47); "Defendants Zhang And Liu's Motions To Dismiss First Amended Complaint…" (Document No. 49); Defendants Paul, Liu, and Zhang's "Amended Motion For Judicial Notice…" (Document No. 51); "Plaintiff's Motion For Leave To Amend The Complaint" (Document No. 55); and the "Tianwei New Energy Holdings Co., Ltd's Motion To Dismiss First Amended Complaint" (Document No. 92).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and the pending motions are ripe for disposition. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>granted</u>, and the remaining motions be <u>denied as moot</u>.

# I. BACKGROUND

## A. Factual

In January 2007, Hoku Corporation announced jointly with the State of Idaho plans to build a polysilicon manufacturing plant in Pocatello, Idaho (the "Project" or the "Plant"). (Document No. 37, p.2) In February 2007, Hoku Corporation incorporated Hoku Materials, Inc. ("Hoku Materials") as a wholly owned subsidiary for the manufacture of polysilicon to be used in the manufacture of solar panels. Id. In March 2007, Hoku Corporation incorporated Hoku Solar, Inc. ("Hoku Solar") as a wholly owned subsidiary for the installation of solar panels. Id. The Plant was owned by Hoku Materials. Id. Defendant Tianwei New Energy Holdings Co., Ltd. ("Tianwei") purchased controlling interest of the stock (60%) in Hoku Corporation on December 22, 2009. Id.

On or about September 9, 2010, Industrial Piping, Inc. ("Plaintiff" or "IPI") entered into the first of six (6) contracts with Hoku Materials involving work on the Plant. (Document No. 37, p.18). The contracts include the "Vessel Fabrication Contract," the "Tank Farm Contract," the "Steel Supply Agreement," the "Design Support for Fire Protection System," the "Design Support Contract," and the Master Construction Services Agreement ("MCSA"). (Document No. 37, pp.18-21). Plaintiff IPI was registered in Idaho as a contractor, fire protection sprinkler contractor, and class A-1 builder. (Document No. 37, p.7).

The crux of the instant litigation involves Plaintiff's claims, seeking in excess of $11 million in damages, based on Defendants' alleged express and continuing misrepresentations concerning the financial condition of Hoku Materials relating to its ability to pay Plaintiff for work on the Plant. (Document No. 37, p.1).

### B. Procedural

Plaintiff filed its original "Complaint" (Document No. 1) on September 30, 2014, and then pursuant to Rule 15(a)(1)(B), filed a "First Amended Complaint…" (Document No. 37) (the "Amended Complaint") on January 2, 2015. The Amended Complaint asserts claims against Tao (Mike) Zhang ("Zhang"), Dayi (Sean) Liu ("Liu"), Scott Paul ("Paul"), and Tianwei New Energy Holdings Co., Ltd. ("Tianwei") (together, "Defendants") for: (1) negligent misrepresentation; (2) reckless/fraudulent misrepresentation and/or concealment; and (3) unfair or deceptive trade practices. (Document No. 37, pp.56-62).

The Amended Complaint notes that Plaintiff is a Delaware corporation with a principal place of business in Pineville, North Carolina. (Document No. 37, p.2). Defendant Tianwei is identified as "a People's Republic of China Company, . . . owned and controlled by the Chinese government." (Document No. 37, pp.2-3). Defendant Zhang is a resident of California; Defendant Paul is a resident of Hawaii; and Defendant Liu is a resident of New Jersey. (Document No. 37, pp.3-5).

Several motions are now pending before the Court. On February 4, 2015, the "Motion Of Scott Paul To Dismiss First Amended Complaint Or To Transfer Venue" (Document No. 47) and "Defendants Zhang and Liu's Motions To Dismiss First Amended Complaint For Lack Of Personal Jurisdiction, Improper Venue, And Failure To State A Claim, And Alternative Motion To Transfer Venue" (Document No. 49) were filed. An "Amended Motion For Judicial Notice …" (Document No. 51) was filed on February 6, 2015, noting various ongoing court proceedings in Idaho state and federal courts. "Plaintiff's Motion For Leave To Amend The Complaint" (Document No. 55) was filed February 23, 2015. Finally, Defendant Tianwei's "…Motion To Dismiss First Amended Complaint" (Document No. 92) was filed on April 13, 2015.

The pending motions are ripe for disposition and a Memorandum And Recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422, at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

## III. DISCUSSION

Defendants assert similar grounds for dismissal including Rules of Civil Procedure 8(a)(2), 9(b), 12(b)(1), (2), (3), (5), and (6). In particular, the undersigned finds each Defendant's argument

pursuant to Rule 12(b)(2) to be compelling, and a sufficient basis for dismissal. As such, the foregoing analysis will focus on personal jurisdiction.

### A. Personal Jurisdiction

When a district court determines personal jurisdiction on the basis of briefs and the allegations in the complaint, without an evidentiary hearing, "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Engineers, Corp. v. Geometric Limited, 561 F.3d 273, 278 (4th Cir. 2009) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)); see also, Sweezy v. Specialized Bicycle Components, Inc., 3:08-CV-268-GCM, 2009 WL 382719, at *1 (W.D.N.C. Feb. 12, 2009). A federal court exercises personal jurisdiction over a defendant in the manner provided by state law. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997); Fed.R.Civ.P. 4(k)(1)(A). "When evaluating personal jurisdiction, the trial court must engage in a two-step inquiry: first, the trial court must determine whether a basis for jurisdiction exists under the North Carolina long-arm statute, and second, if so, the trial court must determine whether the assertion of personal jurisdiction over the defendant is consistent with applicable due process standards." Brown v. Ellis, 206 N.C.App. 93, 96 (2010) (quoting Cooper v. Shealy, 140 N.C.App. 729, 734 (2000)). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997).

### 1. Long-Arm Statute

The North Carolina long-arm statute authorizes the exercise of jurisdiction over a defendant in twelve circumstances. N.C.Gen.Stat. § 1-75.4 (1)-(12). Plaintiff contends that Defendants are all subject to personal jurisdiction, although the Plaintiff does not appear to specify which of the provisions of the statute are applicable. However, Defendant Paul asserts that "[t]he

parties agree that the North Carolina long-arm statute authorizes personal jurisdiction to the extent allowed by due process." (Document No. 73, p.2).

**2. Due Process**

Assuming personal jurisdiction is authorized under the long-arm statute, a court must next consider whether there are sufficient contacts with the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004)); see also, Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, Inc. v. Digital Service Consultants, Inc., 293 F.3d at 712).

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

In this case, Plaintiff does not argue that Defendants are subject to general jurisdiction, nor does there seem to be any evidence of the necessary "substantial" or "continuous and systematic" contacts to support such jurisdiction. Therefore, the undersigned will focus on whether the requirements for specific jurisdiction are satisfied.

Specific jurisdiction is based on the concept that a party who enjoys the privilege of conducting business in the forum state should bear the reciprocal obligation of answering to legal proceedings in that forum state. International Shoe v. Washington, 326 U.S. 310, 319 (1945). However, "to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a surrogate presence and thus render the sovereignty just.'" Consulting Engineers, 561 F.3d at 277-78 (quoting ESAB Group, 126 F.3d at 623). It is essential that a plaintiff show that a defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Pursuant to the foregoing, the resolution of the pending motions hinges on the significance of Defendants' contacts with North Carolina, including whether they purposefully availed themselves of the privileges of conducting business here. The undersigned will review each Defendants' argument for dismissal under 12(b)(2).

**B. Scott Paul**

Defendant Paul argues that he "is a resident of Hawaii" "who has never done business in North Carolina," and "lacks any nexus with the forum state." (Document No. 48, p.3). Paul contends that "the nexus between a non-resident corporate agent and the forum state is, by itself, too tenuous to support personal jurisdiction over the agent if all of the corporate agent's allegedly tortious conduct occurred outside the forum state." (Document No. 48, p.7) (citing Columbia Briargate v. First Nat'l Bank, 713 F.2d 1052, 1064-65 (4th Cir. 1983). Paul then notes that the Amended Complaint lacks any allegation of conduct by him in North Carolina, or that he even had any direct contact with the forum state by use of any communication device. Id. Paul concludes

that "any allegation of any activity" by him in North Carolina is "glaringly absent" from the Amended Complaint. Id.

Regarding contracts between Plaintiff and Hoku Materials, Paul asserts that he was not a party to any such contract, nor did he have any involvement in their execution in North Carolina. (Document No. 48, p.8). Paul contends the contracts at issue were executed outside of North Carolina and were negotiated by other persons on behalf of Hoku Materials. Id.

For further support, Defendant Paul identifies a previous decision by this Court relying on Columbia Bargate.

> Where a plaintiff seeks to assert jurisdiction over a non-resident corporate employee of a nonresident corporation, and all of the employee's alleged activities in connection with the commission of the alleged tort occurred outside the forum state, the "nexus between the corporate agent and the forum state is too tenuous to support personal jurisdiction over the agent under the long-arm statute which is co-extensive with the limits of Due Process.

(Document No. 48, p.8) (quoting Smith v. Dade Behring Holdings, Inc., Duffey, Shaw, and Allen, 1:05-cv-086-LHT-DLH, 2007 WL 152119, at *13 (W.D.N.C. Jan. 16, 2007) (citing Columbia Bargate, 713 F.2d at 1064-65)). Paul contends that in Smith v. Dade Behring, the corporate employees had actually placed calls and/or sent letters to the plaintiff in North Carolina, but those contacts were insufficient to support personal jurisdiction. Id. (citing Smith, 2007 WL 152119, at *11). Paul argues that the contacts suggested by Plaintiff here are even less than those alleged in Smith. Id.

In response, Plaintiff contends that "[t]his Court absolutely has personal jurisdiction over Paul." (Document No. 64, p.5). First, Plaintiff notes that "it is not necessary that the defendant ever actually enter the forum State's territory; so long as the defendant has purposefully directed his activities toward the forum State, and the litigation arises from those activities, due process is

8

satisfied." Id. (quoting Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (emphasis added by Plaintiff); and (citing ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 177 (4th Cir. 2002); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1068-69 (4th Cir. 1982); Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp., 640 F. Supp. 1411, 1427 (E.D.N.C. 1986); and Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 701 (M.D.N.C. 2007)). Plaintiff concludes that Defendant Paul purposefully directed his activities to North Carolina because he knew: (1) Plaintiff was in North Carolina; (2) his alleged misrepresentations would be relied on by Plaintiff in North Carolina; and (3) any harm to Plaintiff would be in North Carolina. (Document No. 64, p.6).

Defendant Paul's "Reply Memorandum…" (Document No. 73) effectively refutes Plaintiff's arguments. First, Paul notes that "there is no allegation that anyone while in North Carolina ever heard Mr. Paul–whether in person, over the phone or otherwise–make a misrepresentation, or ever saw a communication directly from Mr. Paul that contained a misrepresentation." (Document No. 73, p.4). Paul further notes that the "Declaration Of Mike Jones…" (Document No. 62) filed in support of Plaintiff's response to this motion, references a conference that Paul participated in by video from Hawaii, and that Mike Jones ("Jones"), as well as Tony Kiehn ("Kiehn"), Zhang, and Yin, all participated in the conference from Idaho. (Document No. 73, p.4, n.1) (citing Document No. 62).

Paul argues that Plaintiff's logic here suggests that "any corporate officer or director who worked for a company and was aware of a corporate contract with a party in North Carolina would automatically be subject to North Carolina's jurisdiction." (Document No. 73, p.4). Paul contends that this "is not, and cannot be, the law." Id.

Next, Paul asserts that Plaintiff has failed to present any facts connecting him directly to activities in North Carolina. (Document No. 73, p.5). Paul then persuasively distinguishes each of the cases relied upon by Plaintiff. (Document No. 73, pp.5-7).

The undersigned finds Defendant Paul's arguments compelling. (Document Nos. 48 and 73). Moreover, "Plaintiff's Response…" (Document No. 64, pp.5-6) fails to address the authority cited by Paul, including this Court's Smith v. Dade Behring decision, and makes a conclusory assessment that Paul purposefully directed his activities because he knew Plaintiff was in North Carolina. This Court has cited Smith v. Dade Behring approvingly under similar circumstances involving individual defendants whose alleged contacts with the forum were based on their position with a corporate entity, and the undersigned sees no reason to change course now. See Springs v. Ally Financial, Inc., Bouque, Patterson, He, and Dautrich, 3:10-CV-311-RJC-DCK, 2010 WL 4818669, at *8-10 (W.D.N.C. Oct. 14, 2010); see also, Hodges v. Leo A. McKeough Co., LLC, 2:12-CV-077-MR-DLH, 2013 WL 4053169, at *5 (W.D.N.C. Aug. 12, 2013); and SNS Hospitality, LLC v. CIS Associates, LLC, 3:09-CV-189-GCM-DCK, 2010 WL 3122799, at * 4-7 (W.D.N.C July 2, 2010). Moreover, the undersigned is simply not persuaded that Plaintiff has shown by a preponderance of evidence that Defendant Paul purposefully directed activities toward North Carolina.

Based on the foregoing, the undersigned will recommend that Defendant Paul's motion to dismiss be granted pursuant to Rule 12(b)(2).

## C. Mike Zhang and Sean Liu

Defendants Zhang and Liu present nearly identical arguments as Defendant Paul for dismissal pursuant to Rule 12(b)(2). (Document No. 50, pp.6-11). Zhang and Liu assert that they lack any purposeful or relevant contacts with North Carolina, and that this Court's exercise of

jurisdiction in this case would offend traditional notions of fair play and substantial justice. Id. Defendants' synopsis of legal authority on this subject is instructive.

> Purposeful availment cannot be based upon a defendant's "random," "fortuitous," or "attenuated" contacts with the forum. *Burger King Corp.*, 471 U.S. at 475. Rather, a plaintiff must demonstrate a relationship between *each* defendant, the forum, and the litigation, that is *created by each individual defendant's own actions*. *Helicopteros*, 466 U.S. at 414; *see LC America, Inc. v. Nirvana Specialty Foods, Inc.*, No. 3:13-CV-625-RJC-DCK, 2014 U.S. Dist. LEXIS 78799, at *16, 2014 WL 2586936 (W.D.N.C. Apr. 23, 2014) ("[T]he Fourth Circuit has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there.").
>
> In the Fourth Circuit, when a suit is brought against a non-resident defendant based on his conduct as a corporate agent, there is no personal jurisdiction if the agent's alleged tortious conduct occurred outside the forum. *Columbia Briargate Co. v. First Nat'l Bank*, 713 F.2d 1052, 1064-65 (4th Cir. 1983) (requiring a "nexus between the corporate agent and the forum state"); *Smith v. Duffey*, 1:05-cv-86 (W.D.N.C. Sept. 11, 2006) (contacts insufficient to support personal jurisdiction over fraud and unfair trade practices defendants even where those corporate employees placed phone calls and sent letters to the plaintiff in North Carolina) (Doc. 27-1); *WLC, LLC v. Watkins*, 454 F. Supp. 2d 426, 436-37 (M.D.N.C. 2006) (communication between two parties in furtherance of a contract, where only one party is located in the forum state, will not generally constitute purposeful contact with the forum state).

(Document No. 50, pp.8-9).

Defendants assert that Liu's "work on the Project occurred entirely in Idaho and was internal to Hoku." (Document No. 50, p.9). Liu argues that Plaintiff fails to allege that Liu made any contact with Plaintiff or the forum state, and that Plaintiff only makes vague allegations about contacts he had with other Hoku employees and/or his purported intent to affect events occurring outside North Carolina. Id. (citing Document No. 37, ¶¶ 134-139).

Zhang first notes that he was not even an employee of Hoku when Plaintiff and Hoku had initial contact in 2010. (Document No. 50, p.7). Zhang further notes that any work done on

Plaintiff's contracts occurred only in Idaho and that he never travelled to North Carolina. Id. In addition, Zhang contends that Plaintiff only describes indirect and attenuated contacts with the forum. Id. Relying on Smith v.Duffey, Zhang concludes that any emails or phone calls received from him by Plaintiff in North Carolina are insufficient to establish jurisdiction. Id.

In addition, Defendant's assert that Zhang's work in Idaho on behalf of Hoku involved construction contracts controlled by Idaho law. (citing Diamond Healthcare of Ohio, Inc. v. Humility of Mary HealthPartners, 229 F.3d 448, 452 (4th Cir. 2000) (no personal jurisdiction where the contract called for performance mainly outside of the forum, even though some acts required of the defendant necessitated its contact with the forum).

Defendants Liu and Zhang further suggest that even if Plaintiff could establish that Defendants purposefully availed themselves of the privileges of North Carolina, the exercise of jurisdiction would still offend notions of fair play and substantial justice. (Document No. 50, p.10) (citing Fed. Ins Co. v. Lake Shore, Inc., 886 F.2d 654, 661 (4th Cir. 1989). Defendants argue that the exercise of jurisdiction here would be unfair because the underlying contracts' forum selection clauses anchored those contract and any resulting litigation to Idaho. Id. Defendants further argue that corporate officers should not be subjected to the whims of their contractors and forced to litigate in any state where a contractor happens to have its head office and may receive emails or telephone calls. (Document No. 50, pp.10-11).

"Plaintiff's Response…" (Document No. 65) contends that "this Court clearly has personal jurisdiction over Zhang and Liu." (Document No. 65, p.5). As with Defendant Paul, Plaintiff basically asserts that these Defendants purposefully directed activities at North Carolina based on their knowledge that Plaintiff was located in North Carolina, would receive communications in North Carolina, and would be harmed in North Carolina. (Document No. 65, pp.6-7).

Plaintiff attempts to argue that Defendants' reliance on Columbia Briargate, 713 F.2d at 1064-65, is misplaced, but does not appear to fully address the language relied upon by Defendants or explain the distinction. (Document No. 65, pp.7-8). In addition, Plaintiff contends that the Smith v. Duffey decision cited by Defendants is not reported on Westlaw and actually supports Plaintiff. (Document No. 65, p.8).

Contrary to Plaintiff's position, Smith v. Duffey, Shaw and Allen, aff'd as Smith v. Dade Behring Holdings, Inc., Duffey, Shaw, and Allen, is reported on Westlaw. See Smith v. Dade Behring, 1:05-CV-086, 2007 WL 152119, at *5-19 (W.D.N.C. Jan. 16, 2007). In reply, Defendants Zhang and Liu argue that the Smith decision is a better fit for this case. (Document No. 74, p.4). Defendants argue the applicability of the case as follows:

> Magistrate Judge Howell determined that personal jurisdiction did not exist over non-resident corporate employees where there was only a few telephone calls and letters to the forum state, "especially when the defendants sought to be hailed into a foreign forum were alleged to have been acting in their corporate capacities rather than in their own capacity, and plaintiff knew he was dealing with agents of a corporation." *Id*. at 12-13 (relying on *Columbia Briargate Co. v. First Nat'l Bank*, 713 F.2d 1052, 1055).[1] The plaintiff's claims were dismissed for failure to demonstrate that defendants "purposefully availed themselves" of the forum state. *Smith v. Dade Behring Holdings, Inc.*, 2007 U.S. Dist. LEXIS 3493, *10, 2007 WL 152119 (W.D.N.C. Jan. 16, 2007).

Id.

Defendants argue that Plaintiff does not allege any contact or nexus between Liu and the forum state. (Document No 74, p.4). As to Zhang, Defendants contend that Plaintiff only alleges a few communications that are not sufficient to subject him to personal jurisdiction in this State. Id.

---

[1] The court in *Columbia Briargate Co.* found personal jurisdiction, but the individual defendant (Pearson) there had travelled to the forum state, and while there in South Carolina, he negotiated over the course of several days, and then executed, a contract to sell the plaintiff fourteen apartment buildings situated in South Carolina. 713 F.2d at 1053-54. IPI does not allege any such contacts here.

Based on Defendants' arguments, and the Smith decision, the undersigned will recommend that Defendants Zhang and Liu's motion to dismiss also be granted.

**D. Tianwei New Energy Holdings Co., Ltd.**

By way of introduction, Defendant Tianwei contends that Plaintiff "has vigorously asserted its claims against Hoku Materials in Idaho," but "it has become apparent the Idaho state and bankruptcy proceedings will not be resolved quickly," and Plaintiff is "attempting to circumvent the contracting party and its parent corporation" by asserting claims here that "are unmistakably contract damages." (Document No. 92-2, p.3).

Tianwei, like the individual Defendants, seeks dismissal on several bases, including Rule 12(b)(2). (Document No. 92-2, pp.9-11). Again, the focus is on whether this forum may exercise specific jurisdiction over a nonresident defendant. Defendant notes that to exercise such jurisdiction "the non-resident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Document No. 92-2, p.10) (quoting Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014)).

Tianwei argues that it lacks the "minimal contacts" with North Carolina to support personal jurisdiction. (Document No. 92-2, p.10) (citing Wang Declaration, Document No. 92-1). Specifically, Tianwei asserts that it has had no contact with North Carolina; no offices in North Carolina; no business operations in North Carolina; and no corporate officers, directors, or employees who have ever traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to North Carolina. (Document No. 92-2, p.11).

"Industrial Pipings' Response To Tianwei's Motion To Dismiss" (Document No. 93) was filed on April 30, 2015. Plaintiff's entire argument refuting Defendant Tianwei's argument for dismissal is the following:

14

> Tianwei next asserts that this Court lacks personal jurisdiction over it. [Doc. No. 92-2, pp.7-9] This position is also incorrect. Tianwei fails to address that IPI has personal jurisdiction over Tianwei due to the acts or omissions of Tianwei's agents and employees, Defendant Zhang, Defendant Liu, and Mr. Xia. *See IPI's personal jurisdiction argument in Doc. Nos.65 and 84 incorporated herein by reference. See Mabry v. Fuller-Schuwayer* Co., 50 N.C. App. 245 (1981) (finding personal jurisdiction over foreign corporation due to the acts of corporation's agents). This Court has personal jurisdiction over Defendant Tianwei and its motion to dismiss based upon personal jurisdiction should be dismissed.

(Document No. 93, p.11).

In reply, Defendant Tianwei first reminds the Court that "[t]he Plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence." (Document No. 94, p.3) (quoting Bank of Am., N.A. v. Corporex Cos., LLC, 3:13-CV-691-RJC, 2014 WL 3731778, at *2 (W.D.N.C. July 28, 2014)). Then, Tianwei notes that Plaintiff "has offered no law or facts to rebut Tianwei's argument." Id.

Tianwei argues in reply that neither the minimum contacts test, nor the Calder effects test, establishes personal jurisdiction. (Document No. 94, p.4). In support, Tianwei cites to recent authority:

> Not just any contact will suffice: "the defendant's suit-related conduct must create a *substantial* connection with the forum State." *Id.* (emphasis added). "The proper question is . . . whether the defendant's conduct connects him to the forum *in a meaningful way.*" *Id*. at 1125; *see also Bank of Am., N.A.*, 2014 WL 3731778, at *4 ("[J]urisdiction ultimately depends on contacts with the forum state rather than a connection to a party residing there."). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum…." *Id*. at 1122.
>
> A smattering of emails and phone calls directed by a defendant to a plaintiff in the forum state are "insufficient to establish personal jurisdiction." *Fastpath, Inc.*, 760 F.3d at 823. North Carolina courts have concluded the same. *See Miller v. Szilagyi*, 221 N.C. App. 79,

15

> 92, 726 S.E.2d 873, 883 (2012) (holding that despite defendant making more than 100 telephone calls to Plaintiff in North Carolina and 25 emails related to a contract, defendants' contact with North Carolina was insufficient to establish minimum contacts). Fourth Circuit is in accord. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 (4th Cir. 2009) (stating that "the mere fact that emails, telephone calls, and faxes were employed does not, of itself, alter the minimum contacts analysis. The analysis must focus on the nature, quality, and quantity of the contacts, as well as their relation to the forum state.").

(Document No. 94, pp.4-5).

Defendant Tianwei further notes that the Supreme Court's Walden decision provides the current outer limits of specific personal jurisdiction permitted by the federal due process clause, and has shortened the reach of Calder v. Jones, 465 U.S. 783 (1984) and the "effects test" articulated therein. (Document No. 94, p.4, n.3). "Specifically, the *Walden* court held that even 'when intentional torts are involved' 'the plaintiff cannot be the only link between the defendant and the forum.'" Id. (quoting Walden, 134 S. Ct. at 1115). Defendant then argues that here "*the plaintiff*, is the *only* link between Tianwei and the forum." Id. Tianwei concludes that "the *Calder* effects test does not allow this Court to exercise jurisdiction over Tianwei for the same reasons that it cannot exercise jurisdiction over Tianwei pursuant to the minimum contacts test." Id.

Next, Defendant asserts that Plaintiff relies "on the scant contacts Zhang and Liu had with the *Plaintiff*, IPI and its agents in North Carolina," but contends that these contacts are not attributable to Tianwei. (Document No. 94, p.5). Defendant argues that even assuming such contacts were attributable to it, they are insufficient to establish a "substantial connection" with North Carolina or that Tianwei connect in a "meaningful way" with this forum. (Document No. 94, p.6). Defendant further argues that the only alleged link between Zhang and Liu and the forum, is Plaintiff. Id. Such contacts cannot be grounds to establish personal jurisdiction. Id. (citing Walden, 134 S.Ct. at 1115).

16

The undersigned finds Defendant Tianwei's arguments and authority persuasive. Moreover, the undersigned agrees that Plaintiff's one paragraph response was an inadequate attempt to meet its burden. Therefore, the undersigned will recommend that Tianwei's motion to dismiss be granted.

**E. Conclusion**

"[T]he Fourth Circuit has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc., et al., 982 F.Supp. 350, 353 (D.Md. 1997). Here, the undersigned cannot find that Defendants' contacts are tantamount to a physical presence in North Carolina.

Construing all relevant pleadings in the light most favorable to Plaintiff, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the undersigned does not find that application of the Fourth Circuit's three-part test for specific jurisdiction supports Plaintiff's position. See Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, 293 F.3d at 712). Plaintiff has not met its burden of showing by a preponderance of the evidence that Defendants purposefully availed themselves of the privilege of conducting activities in this State, that its claims arise out of activities directed at North Carolina, or that the exercise of personal jurisdiction would be constitutionally reasonable.

Based on the foregoing, the undersigned concludes that personal jurisdiction over Defendants is absent, and will respectfully recommend that the Court grant Defendants' motions to dismiss this action, without prejudice as to filing in an appropriate jurisdiction. The undersigned finds that Defendants' arguments pursuant to Fed.R.Civ.P. 12(b)(2) are sufficient to support a recommendation of dismissal, and will therefore decline to address Defendants' additional

arguments. If the Court adopts the undersigned's recommendation to grant Defendants' motions to dismiss, then the remaining motions for judicial notice and to amend should be denied as moot.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion Of Scott Paul To Dismiss First Amended Complaint Or To Transfer Venue" (Document No. 47) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendants Zhang And Liu's Motions To Dismiss First Amended Complaint…" (Document No. 49) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendants Paul, Liu, and Zhang's "Amended Motion For Judicial Notice…" (Document No. 51) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion For Leave To Amend The Complaint" (Document No. 55) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that "Tianwei New Energy Holdings Co., Ltd's Motion To Dismiss First Amended Complaint" (Document No. 92) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond,

416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: July 20, 2015

David C. Keesler
United States Magistrate Judge