# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:14-cv-00537-RJC-DCK

| | |
|---|---|
| **INDUSTRIAL PIPING, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TAO ZHANG, DAYI LIU, and TIANWEI** )<br>**NEW ENERGY HOLDINGS CO., LTD,** )<br>)<br>**Defendants.** )<br>)<br>)<br>) | **ORDER** |

**THIS MATTER** comes before the Court on the following: (1) Defendants Tao Zhang ("Zhang") and Dayi Liu's ("Liu") Motion to Dismiss [the original] Complaint and Alternative Motion to Transfer Venue, (Doc. No. 23); (2) the Magistrate Judge's January 12, 2015 Memorandum and Recommendation ("January 2015 M&R") as to Defendants Zhang and Liu's original Motion to Dismiss, (Doc. No. 40); (3) Defendants Zhang and Liu's Motion to Dismiss First Amended Complaint and Alternative Motion to Transfer Venue and Memoranda in Support, (Doc. Nos. 49, 50, 74); (4) Plaintiff's Response in Opposition to Zhang and Liu's Motion to Dismiss, (Doc. No. 65); (5) Defendants Zhang and Liu's Amended Motion for Judicial Notice and Memoranda in Support, (Doc. Nos. 51, 52, 72); (6) Plaintiff's Response in Opposition to Judicial Notice, (Doc. No. 57); (7) Plaintiff's Motion for Leave to File Amended Complaint and Memoranda in Support, (Doc. Nos. 55, 56, 84); (8) Defendants Response in Opposition to Plaintiff's Motion for Leave, (Doc. No. 80); (9) Defendant Tianwei New Energy Holdings Company, Ltd.'s ("Tianwei") Motion to Dismiss First Amended Complaint and Memoranda in Support, (Doc. Nos. 92, 92-2, 94); (10) Plaintiff's Response in Opposition to

Tianwei's Motion to Dismiss, (Doc. No. 93); (11) the Magistrate Judge's July 20, 2015 Memorandum and Recommendation (the "July 2015 M&R" or "the M&R"), (Doc. No. 95); (12) Plaintiff's Objections to the M&R, (Doc. No. 98); and (13) Defendants' Responses to Plaintiff's Objections, (Doc. Nos. 100, 101). Whew. The Court has considered the motions, objections, and related briefs; and the issues are ripe for adjudication.

Plaintiff voluntarily dismissed with prejudice all claims against defendant Scott Paul ("Mr. Paul") on September 1, 2015, (Doc. No. 99), and all previously pending motions by Mr. Paul have been terminated, (Doc. Nos. 28, 29, 47). Therefore, to the extent the Magistrate Judge's two M&R's addressed motions by Mr. Paul, the Court finds that such recommendations are moot and will forego any discussion of those issues herein.

## I. BACKGROUND

### A. Factual

Plaintiff has objected to the Magistrate Judge's findings of fact. The Court conducted a thorough review of the facts in this case as well as the Magistrate Judge's analysis of those facts. The Court finds, in all respects, the facts as stated in the M&R to be in accordance with the pleadings and should be adopted. The Court adds only the following for clarification.

Plaintiff alleges that Zhang contacted Plaintiff in North Carolina via email, phone, and/or mail somewhere between eight and eleven times. See (Doc. Nos. 98 at 2-4; 59 at 2-3). Plaintiff further alleges that, in the course of some of these contacts, Zhang made misrepresentations to Plaintiff that constitute tortious conduct within North Carolina. (Doc. No. 98 at 9-10). Plaintiff makes no allegation that Liu ever made any contact with Plaintiff in North Carolina; however, Plaintiff alleges that Liu knowingly directed Zhang to make the misrepresentations to Plaintiff in North Carolina. (Id. at 15-16). Plaintiff's First Amended Complaint alleges that Zhang and Liu

were employed by Tianwei and were acting within the scope of their employment when they committed the alleged tortious conduct. (Doc. No. 37 ¶¶14-16, 341-42). Aside from its contention that "there were many contacts between Tianwei's agents and employees (i.e. Zhang and Liu) and North Carolina," however, Plaintiff makes no allegation that Tianwei ever had any contact with Plaintiff. (Doc. No. 98 at 21-22).

Between May 2010 and September 2011, Plaintiff entered into six contracts with Hoku Materials, Inc., which is not a defendant in this matter. (Doc. No. 37 at 18-21). No defendant in this case was a party to these contracts. (Doc. No. 98 at 20). Plaintiff alleges that it performed much of the project management, engineering, and project support services for these contracts from its main offices in North Carolina and that it shipped company owned equipment and purchased and shipped materials from North Carolina to Idaho. (Id. at 5).

B. Procedural

Neither party has objected to the Magistrate Judge's statement of the procedural background of this case; therefore, the Court adopts the procedural facts as set forth in the M&R. The Court adds only the following in order to account for the procedural history of the case since the July 2015 M&R. On July 30, 2015, Plaintiff requested an extension of time to serve its objections to the M&R, (Doc. No. 96), and the Court granted Plaintiff an extension to August 16, 2015, (Doc. No. 97). Plaintiff filed its Objections to the M&R on August 17, 2015. (Doc. No. 98).[1] On September 3, 2015, Zhang and Liu filed their Reply to Plaintiff's Objections, (Doc. No. 100), and Tianwei also filed its Reply to Plaintiff's Objections on the same day, (Doc. No. 101).

---

[1] Although the Court is under no duty to do so in light of Plaintiff's untimely objections, see Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), the Court has conducted a de novo review of those portions of the M&R to which Plaintiff has objected.

All claims against Mr. Paul were voluntarily dismissed with prejudice on September 1, 2015, (Doc. No. 99), and all previously pending motions by Mr. Paul have been terminated, (Doc. Nos. 28, 29, 47).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, "in the absence of a timely-filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note to the 1983 Addition). Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, the Court has conducted a careful review of the M&R.

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. No objection to the January 2015 M&R, (Doc. No. 40), having been filed, the parties have waived their right to de novo review of any issue covered in that M&R.

Nevertheless, this Court has conducted a full and careful review of the January 2015 M&R and other documents of record. Plaintiff's First Amended Complaint, (Doc. No. 37), was timely filed. It is well settled that a timely-filed amended pleading supersedes the original pleading, and motions directed at superseded pleadings are thereby rendered moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Plaintiff's First Amended Complaint, (Doc. No. 37), supersedes the original Complaint, (Doc. No. 1), and therefore, any motions directed at the original Complaint have been rendered moot, see, e.g., (Doc. No. 23). This Court hereby finds that the January 2015 M&R, (Doc. No. 40), is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the January 2015 M&R as its own, and Zhang and Liu's Motion to Dismiss as to the original Complaint, (Doc. No. 23), is **DISMISSED as moot**.

As to the July 2015 M&R, Plaintiff enumerates ten objections. Specifically, Plaintiff has challenged the M&R for: (1) failing to consider all the relevant facts of the record; (2) improperly applying the fiduciary shield doctrine; (3) incorrectly determining that the Court does not have personal jurisdiction over Zhang; (4) criticizing Plaintiff for not conducting a specific analysis of personal jurisdiction under North Carolina's long arm statute; (5) incorrectly determining that the Court cannot exercise personal jurisdiction over Liu; (6) relying on a forum selection clause to determine whether the Court has personal jurisdiction over the defendants; (7) incorrectly concluding that the Court does not have personal jurisdiction over Tianwei; (8) recommending that Plaintiff's Motion for Leave to File Amended Complaint be denied as moot; (9) failing to deny the defendants' Motions to Dismiss under Rule 12(b)(6); and (10) recommending that the case be dismissed instead of transferred to Idaho. The Court addresses each objection in turn.

A. <u>Objections 1, 3, 5, and 7: Failure to Consider the Record and Finding a Lack of Personal Jurisdiction</u>

Plaintiff contends that the M&R "completely ignored relevant facts" and erroneously determined that this Court does not have personal jurisdiction over any of the defendants. (Doc. No. 98 at 2). Specifically, Plaintiff objects to the M&R's analysis of the defendants' contacts with North Carolina and its determination that the defendants did not have sufficient contacts to subject them to personal jurisdiction in North Carolina.

Plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. <u>Mylan Labs., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 59-60 (4th Cir. 1993). To establish personal jurisdiction over the defendants in this case, Plaintiff must prove that the defendants had substantial contacts with North Carolina amounting to a "surrogate presence" in the State and indicating that the defendants purposefully availed themselves of the privilege of conducting activities within the State. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474-75 (1985); <u>Consulting Engineers Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 277 (4th Cir. 2009). Not just any contact will suffice. The defendants' "suit-related conduct must create a substantial connection with the forum State," thereby connecting the defendants "to the forum in a meaningful way." <u>Walden v. Fiore</u>, 134 S. Ct. 1115, 1121, 1125 (2014). The defendants must have "purposefully directed" their activities toward North Carolina in order to create such a substantial connection with the State. <u>See</u> <u>Pittsburgh Terminal Corp. v. Mid Allegheny Corp.</u>, 831 F.2d 522, 525 (4th Cir. 1987).

The M&R, after a thorough and careful analysis of all relevant facts, determines that Plaintiff has failed to meet its burden to show that any of the defendants directed activities toward North Carolina such that they purposefully availed themselves of the privilege of conducting activities within the State. It thus concludes that the Court lacks personal jurisdiction

6

over any defendant in this case and recommends that all Plaintiff's claims be dismissed. Plaintiff devotes much argument to refuting this recommendation. However, a handful of phone calls and emails with Plaintiff do not create the substantial contacts necessary for this Court to exercise personal jurisdiction over the defendants.

The Court has considered Plaintiff's arguments, reviewed the record, and evaluated the M&R. The M&R correctly states the law and properly applies the relevant facts of the case to the law. This Court finds no error in the Magistrate Judge's analysis or conclusions regarding the Court's lack of personal jurisdiction. Therefore, the Court overrules Plaintiff's first, third, fifth, and seventh objections and finds that this Court lacks personal jurisdiction over any defendant in this matter.

B. <u>Objections 2 and 6 – Fiduciary Shield Doctrine and Forum Selection Clause</u>

Plaintiff argues that the Magistrate Judge improperly applied the fiduciary shield doctrine and incorrectly relied upon a forum selection clause to determine that the Court does not have personal jurisdiction over Zhang and Liu. Plaintiff does little to advance these arguments, and the Court finds them to be conclusory objections which do not warrant de novo review. Nevertheless, the Court has reviewed and considered the arguments and has determined they lack merit. A finding of lack of personal jurisdiction in this case does not rely on the fiduciary shield doctrine or any principal therein. Likewise, while the M&R mentions a forum selection clause in a <u>single</u> sentence, the Magistrate Judge's recommendation is in no way based upon a forum selection clause. The M&R determined that no defendant had the minimum contacts necessary to establish personal jurisdiction in North Carolina regardless of whether any defendants' actions were done in their corporate or individual capacity or whether a forum selection clause existed. Having examined the relevant allegations, this Court finds, as did the M&R, that all defendants lack sufficient contacts with North Carolina and that the exercise of personal jurisdiction would

not accord with due process requirements. In reaching such a holding, the Court need not address the inquiry as to whether Zhang or Liu were acting independently or on behalf of their employer, as the facts do not support a finding that the Court has jurisdiction over any of the defendants. Therefore, the Court overrules Plaintiff's second and sixth objections.

    C. <u>Objection 4: The M&R's Alleged Criticism of Plaintiff</u>

Plaintiff next summarily alleges that the Magistrate Judge criticized Plaintiff for "fail[ing] to meet its burden by not specifically analyzing personal jurisdiction under the statutory construction of North Carolina's long arm statute." (Doc. No. 98 at 14). Plaintiff then recapitulates the law surrounding personal jurisdiction in North Carolina and reasserts its arguments that Zhang is subject to personal jurisdiction in North Carolina due to his "specific contacts" with Plaintiff and "his torts occurring in North Carolina." (<u>Id.</u>). Plaintiff does not point to or describe "the Magistrate's criticism of [Plaintiff]" nor explain the legal significance of the alleged criticism. Any such criticism, were it to exist, is irrelevant to the analysis and merits of the M&R. After a thorough review, the Court finds that the M&R contains no error in its reasoning, much less any criticism. Therefore, the Court overrules Plaintiff's fourth objection.

    D. <u>Objections 8 and 9: Plaintiff's Motion for Leave to File Amended Complaint and Defendants' Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

Plaintiff next objects to the M&R's recommendation that Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 55), be dismissed as moot and its failure to address and deny the portions of the defendants' Motions to Dismiss made pursuant to Rule 12(b)(6), (Doc. Nos. 49, 92). Plaintiff's proposed amendment, which seeks to add an additional claim under North Carolina's Unfair and Deceptive Trade Practices Act, offers no additional basis for this Court to exercise personal jurisdiction over the defendants. Having found personal jurisdiction

wanting, Plaintiff's Motion is moot. Furthermore, allowing Plaintiff to add a claim to a jurisdictionally deficient complaint would be futile.

Similarly, the Court lacks the authority to examine the substance of Defendants' Motions to Dismiss pursuant to Rule 12(b)(6). The Supreme Court has found personal jurisdiction to be an essential element of the jurisdiction of a district court, without which the court is "powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (internal quotation marks omitted). Lacking personal jurisdiction over the defendants, the Court does not consider the portions of their Motions to Dismiss arguing that Plaintiff failed to state a claim. Therefore, Plaintiff's eighth and ninth objections are overruled, and Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 55), is **DISMISSED as moot**.

E. Objection 10: Recommendation of Dismissal

Finally, Plaintiff objects to the Magistrate's recommendation that the case be dismissed rather than transferred. Plaintiff contends, in the alternative to its argument for personal jurisdiction in North Carolina, that this case should be transferred to the District of Idaho pursuant to 28 U.S.C. § 1406(a). When a case is filed in an improper venue, as the case was here, section 1406(a) instructs the district court to dismiss or, where it is in the interest of justice, transfer the matter to the proper venue. The test, therefore, under section 1406(a) is whether a transfer is in the interest of justice. See Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993). The requesting party bears the burden of establishing by a preponderance of the evidence that a transfer promotes the interest of justice. See Helsel v. Tishman Realty & Const. Co., 198 F. Supp. 2d 710, 711 (D. Md. 2002).

The Court finds that Plaintiff has not satisfied its burden to prove that a transfer is in the interest of justice. In fact, Plaintiff has failed to even address the interest of justice. The only

argument Plaintiff offers to support a transfer is the statement that transferring the case "would maintain the filing date of the complaint and thereby avoid any statute of limitations issues." (Doc. No. 98 at 24). However, Plaintiff does not explain or argue that any of its claims would actually be time-barred if refiled in Idaho. Section 1406 was enacted to avoid injustice when a plaintiff made "an erroneous guess with regard to the existence of some elusive fact" and filed the claim in a district that lacked jurisdiction. Nichols, 991 F.2d at 1201. Absent such an error, a district court is well within its discretion to deny a transfer, as not in the interest of justice, when "the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." Id. at 1202. Plaintiff has not cited an erroneous guess or elusive fact that caused it to bring this action in North Carolina. The Court finds that Plaintiff has failed to carry its burden to prove that transferring this case is in the interest of justice, and therefore, the Court holds that a transfer is not appropriate.

For the foregoing reasons, the Court overrules all of Plaintiff's objections to the M&R and finds that this Court lacks personal jurisdiction over the defendants and dismissal of the case is warranted. Accordingly, the Court **GRANTS** the defendants' Motions to Dismiss, (Doc. Nos. 49, 92), and **DISMISSES** this case without prejudice. Having dismissed the case, the Court **DISMISSES as moot** Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 55), and Defendants Zhang and Liu's Amended Motion for Judicial Notice, (Doc. No. 51).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's January 12, 2015 M&R, (Doc. No. 40), is **ADOPTED;**
2. Defendants Tao Zhang and Dayi Liu's Motion to Dismiss and Alternative Motion to Transfer Venue as to the original Complaint, (Doc. No. 23), is **DISMISSED as moot;**

3. The Magistrate Judge's July 20, 2015 M&R, (Doc. No. 95), is **ADOPTED**;

4. Defendants Zhang and Liu's Motion to Dismiss First Amended Complaint, (Doc. No. 49), is **GRANTED**;

5. Defendant Tianwei New Energy Holdings Company, Ltd.'s Motion to Dismiss First Amended Complaint, (Doc. No. 92), is **GRANTED**;

6. Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 55), is **DISMISSED as moot**;

7. Defendants Zhang and Liu's Amended Motion for Judicial Notice, (Doc. No. 51), is **DISMISSED as moot**;

8. This case is **DISMISSED without prejudice**; and

9. The Clerk of Court is hereby directed to close this case.

Signed: September 21, 2015

_____
Robert J. Conrad, Jr.
United States District Judge